FILED
2021 Sep-29 PM 03:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit C

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 420-2021-02742 |

_____ and EEOC
State or local Agency, if any

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Takiya S. Lawson-McCants | [redacted] | [redacted] |

| Street Address | City, State and ZIP Code |
|---|---|
| [redacted] | [redacted] |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two are named, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| National Mentor Healthcare, LLC d/b/a Alabama Mentor | 100+ | (205) 945-7030 |

| Street Address | City, State and ZIP Code |
|---|---|
| 529 Beacon Parkway West, Suite 108 | Homewood, AL 35209 |

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate boxes):

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: May 1, 2021   Latest: May 31, 2021

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):
See attached Exhibit A for particulars

RECEIVED
AUG 18 2021
E.E.O.C.
BIRMINGHAM DISTRICT

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

8/18/2021
Date

Charging Party Signature

NOTARY — When necessary for State or Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 420-2021-02742 |

_____ and EEOC
State or local Agency, if any

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

See attached Exhibit A for particulars

RECEIVED
AUG 18 2021
E.E.O.C.
BIRMINGHAM DISTRICT

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State or Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 8/18/2021           [signature]<br>Date           Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |

# Exhibit A
## Particulars
Claimant: Takiya Lawson-McCants
Respondent: National Mentor Healthcare, LLC d/b/a Alabama Mentor



My name is Takiya S. Lawson-McCants. I am an African American female. I hold a master's degree in social work, and I've used that degree in my capacity as a Therapist while working for Respondent "National Mentor Healthcare, LLC d/b/a Alabama Mentor" ("AL-Mentor") since 2019. I filed an EEOC Charge against the above-named Respondent on April 8, 2021. (*See* Charge No. 420-2021-01673). As I explained in that Charge, I was subjected to what I felt was an unlawful race-based hostile work environment while working at AL-Mentor. Again, as explained in the initial Charge, this involved a Caucasian co-worker, Alex Morgan, who made disturbing and implicitly threatening, racist comments to me (and others) more times than I count. As she made sure to let us know repeatedly, Alex is from Arab, Alabama, a "sundown town." These are towns in Alabama known for hanging African Americans (even in recent history) who don't abide by posted warnings to get out of town before the sun goes down. Alex let us know that her family (even her father) used to hang African Americans, and she made all kinds of unsettling comments around this subject. I reported this conduct up through our leadership channels only to be met with retaliation. For your convenience, here are the pertinent parts of the initial charge:

> I complained to my immediate supervisor, Shalisa, white female. Shalisa reported my complaint to her supervisor, Joy Grafton, white female and to Joy's supervisor DeAnna Hand, white female. I was told by different workers that Alex and her supervisor Meranda, white female, have asked them not to work with me professionally on cases. I have been taken off of cases by Alex without the permission of my supervisor which is not supposed to happen. I have been accused of Medicaid fraud and I have reported this as well and it was untrue. I was once sent a text message between staff where Alex and her supervisor made racial comments about another black employee. Even though I complained, Alex continued to make these racially discriminatory and insensitive slurs until the time she was fired or asked to leave approximately on April 30, 2021. I have reported multiple incidents about being treated unfairly and being discriminated against, but this is the first time that I was put in contact with HR with the help of my new supervisor, black woman. I am being retaliated against and treated differently by supervisors and other employees for complaining about Alex and her supervisor. On or about March 30, 2021, I was confronted by a client about a report I made, the information in the report was leaked to the client in direct violation of the company policy. Because of this breach of the policy, I was put in an uncomfortable situation with the client. I filed discrimination complaints, but my employer never talked to me about the complaints I filed. I am forced to work in a hostile work environment, I am being retaliated against for complaining about discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended.

My co-worker Carla Jackson ("African American") filed a Charge as well (420-2021-01673), alleging similar problems with retaliation. She's since been fired while Alex Morgan was offered a chance to transfer to another job site. And the retaliation has continued (and worsened) for me as well.

I didn't seek a lawyer's help with my first Charge, as I didn't think I needed a lawyer. I only wanted for the retaliation to stop so that I can serve my families and do my job. I've learned that some important items were not included in the initial Charge. My understanding is that I can include them here because it's still within 180 days, and also I can include them in Court if I have to under 42 U.S.C. § 1981. Prior to my EEOC Charge, I emailed Human Resources about Alex Morgan and racism on April 11, 2021, which was statutorily protected activity. Two days later, a noose-like rope was hanging from a tree in my backyard next to my kid's trampoline.



I understand that defense lawyers quibble about what constitutes a "noose." But I have never seen this rope before. It is certainly not mine. And it had no business up in a tree in my backyard just two days after I complained about a woman who spoke often about hanging African Americans. The idea that this must be a perfect noose knot before it can constitute a disgusting threat is wrong.

About a week after I reported Alex, she turned down the chance to move offices and resigned instead, and then I began getting strange phone calls from Arab, Alabama. Clearly, Alex has influence with someone at AL-Mentors and access to information. And to be honest with you, I am quite scared to make this charge. But I'm told that the Commission needs to hear about this.

Since I filed my EEOC Charge on May 28, 2021, I've been getting these emails telling me I have to sign an arbitration agreement to stay employed. That's retaliation. *See Knox v. Roper Pump Company*,

957 F.3d 1237 (11th Cir. 2020) (reversing district court and finding that forcing contract as condition of employment on discharged employee who complained about race discrimination constituted retaliation under Title VII); *Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261 (11th Cir. 2008) (affirming retaliation jury verdict in employee's favor and observing that "immediate termination for his refusal to sign the [arbitration] agreement established a causal relation between his protected activity . . . and his termination"). The arbitration emails continue to this day. My understanding is that first I was targeted with this mandatory arbitration agreement, and that the emails were later sent to more people in the company.

Since I filed my EEOC Charge, I have been subjected to a "random" drug test for the first time. That happened on June 29, 2021. I was not even given a drug test upon hiring on with AL-Mentor. Of course, I passed because I do not take drugs. Interestingly to me, the urinalysis said it was for "pre-employment" but I have been employed for 2 years now.

On July 1, 2021, I endured a meeting set up with Ataska Winsett (Program Director), Jenni Akins (Area Director), and Cassidy Dear (Birmingham Program Director) along with my now terminated co-worker Carla Jackson. During the meeting, I was lumped in with Carla (I can't speak to what's true and what's not for her) and told things like "y'all are negative, y'all act like y'all are not apart of this agency" I asked for clarification so that I could know exactly what I had done wrong so that I could correct it. I wasn't given clarity. My direct report, Cassidy, backed me up verbally and in writing, letting me know that I did the right thing and nothing was wrong.

But Cassidy later said she can't do much more, and that "I have to tell you how HR closed things a do a Record of Discussion ROD then we both sign saying that we talked about it. Or you can choose not to sign." The next thing I know, on July 26, 2021, I have a write-up discussed as a "record of discussion." The write-up is bogus. Here's what the write-up said:

> A meeting on 6/30/21 with OHR and a Guardian Ad Litem was held to discuss an Alabama Mentor foster parent. The meeting was held to discuss the foster parent moving the child from a OHR approved daycare to another daycare of her choice due to her concern of the daycare facility appropriately meeting the needs of the child.
>
> Management met with Ms. Lawson on 7/1/21 to discuss the 6/30/21 meeting. The following members of the management team were in attendance: PD, Alaska Winsett, AD, Jenni Akins, and BHS PD, Cassidy Dear.
> During the meeting, management discussed the meeting on 6/30 and described both Ms. Lawson and another staff member that attended that meeting as "negative." Ms. Lawson did not accept management's feedback and proceeded to interrupt, speak over, and talk in a loud and unacceptable tone of voice to the management team. Ms. Lawson was instructed to express her concerns in a way that is both professional and productive.
>
> Effective immediately and going forward, Ms. Lawson must speak in a manner that encourages productive, solutions oriented conversations. Ms. Lawson must not raise her voice to foster parents, State workers, or MENTOR staff, or in any AL MENTOR meeting. As a Therapist, Ms. Lawson Is responsible for encouraging therapeutic approaches for the youth receiving services and therefore it is expected that her tone is consistently respectful.

> Effective immediately and going forward, Ms. Lawson must follow the direction of management. If Ms. Lawson disagrees with management, she must speak to her supervisor privately about her concerns with the intent of finding a solution that will adhere to standard company practice. If Ms. Lawson feels that if she is not able to speak to her supervisor, she is encouraged to speak to another member of management or human resources.

Of course, I should speak with respect for all, and **I do**. The notion that I don't is untrue and deeply distressing. Cassidy knows this; she seems to get that I am doing the right thing by advocating for myself.

Probably worst of all, though, is that I am learning that Ataska (and likely others) are targeting the foster parents and children that I service. For example, I've learned that she is sabotaging my relationship with parents by saying things to them about me that are untrue. I also have seen in writing things about me from Ataska that are untrue, but I am afraid to ask or speak about it because I do not want yet another Record of discussion or any other disciplinary actions. Ataska has withheld my foster parents' checks in the office which led them to be irritated. I don't want to get into too much detail in this document about children that I service, but I know that I had a situation involving a child that was abused not only once but twice until she threatened to harm herself. My emails for help for this child were ignored even after I brought the case up in emails and a couple of times on our staffing calls. I can't tell you how much I've cried over this.

I have complained to HR and others about retaliation, harassment, and targeting, among other things, in writing (and in detail) throughout June and July 2021 (all further incidents of protected activity). But I have no reason to believe this is going to stop without the Commission's involvement, especially now that I've learned Carla got fired and my families are coming forward and sharing information with me about what's going on behind my back.

I believe I am being retaliated against for opposing unlawful discrimination in the workplace in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*., as amended. Aside from all this, I love my job. I love serving in the way that I do. The retaliation and the lies just need to stop. I respectfully request an investigation into this matter.